Bachelder *v.* Merriman.

---

BACHELDER *versus* MERRIMAN.

The statute, requiring the caption of a deposition to certify that the deponent was sworn according to law, may be complied with by a statement of the language used in the administration of the oath, and if it appears to have been what the law requires, it is sufficient.

A certificate that "the deponent was first sworn and was examined according to law," is insufficient.

A judgment against a trustee will not operate as a bar to protect him against an action by the principal defendant, unless a demand for the goods, effects and credits had been made within thirty days from the judgment by an *officer holding the execution.*

Neither will such judgment operate as such a bar, unless the trustee had delivered or accounted for the goods, effects and credits upon the judgment.

On Exceptions from the District Court, Cole, J.

ASSUMPSIT against the maker of a promissory note, payable to one Reed, by whom it was indorsed to the plaintiff after being overdue. The defendant offered a deposition, the caption of which stated, that "the deponent was first sworn, and was examined according to law, and his deposition reduced to writing by himself and by him subscribed and sworn to." The defendant also offered two other depositions, the captions of which stated, that "the deponents being first sworn, were examined according to law," &c. All the depositions were objected to, but were admitted.

To show that the note was given without consideration, or that there was a failure of consideration, the defendant offered evidence, which was objected to, but admitted; by which the following facts appeared. One Weeman instituted a suit against Reed, and summoned, as his trustees, the administratrix and also the administrator *de bonis non* of one Mathews, neither of whom made any disclosure, and the administratrix was defaulted, and judgment was recovered against Reed and his said trustees; and within thirty days from the judgment the execution *creditor* demanded of the administrator the goods, effects and credits of Reed.

*Pending* the action against Reed and trustees, this defendant gave to Reed his note for the amount of Reed's claim against the estate of Mathews; and this is the note now in suit.

The defendant contended that, by the judgment afterwards obtained against the trustees, the debt due from Mathews' estate to Reed was, in law, transferred to Weeman, and, that Reed was thereby barred from any claim against the estate; so that there was a failure of consideration for the note now in suit.

The plaintiff objected to the effect of the trustee judgment, because no demand upon the trustees for the goods, effects and credits of Reed had been made by *an officer;* and because (the trustees never having delivered or accounted for any of such goods, effects and credits,) the judgment would be no bar to an action which Reed might bring against the estate.

The Judge, however, instructed the jury that the demand upon the trustees by the execution creditor was sufficient, and that, without proof that the trustees had delivered or accounted for the said goods, effects and credits, the judgment was a bar to any claim by Reed against the estate. The verdict was for the defendant, and the plaintiff excepted.

*McCobb*, for the plaintiff.

*Gilbert*, for the defendant.

TENNEY, J. — The first question presented is, whether certain depositions offered and objected to, but introduced by the defendant, were competent. It must appear affirmatively by the proper proof, that depositions, in order to be used as evidence, have been legally taken. That proof is in the certificate of the magistrate, who acted in administering the oath and in taking the depositions.

The statute, ch. 133, sect. 19, requires, that the magistrate shall certify, that the deponent was sworn " according to law." This provision may be complied with by the certificate in the words of the statute ; or by a specification therein of the language used in the attempt to administer the oath, and if the latter shows that the oath has in fact been administered according to the proper form, it is sufficient. *Atkinson* v. *St. Croix Man. Co.* 24 Maine, 171.

In the certificate annexed to Groton's deposition, it is stated that " the deponent was first sworn by the subscriber, one of the justices of the peace for said county of Lincoln, was examined according to law." The words " according to law," in the certificate, by a proper grammatical construction, is confined in its reference to the *examination* of the witness, and does not extend to the administration of the oath. The meaning of the magistrate herein, is-at best doubtful. In the depositions of Haines and Gilman, positive violence is done to the language used, by adopting the construction, that the words " according to law" were intended to apply to the caption of the oath, as well as to the examination of the deponent. The terms are, " the deponent first being sworn by the subscriber,

one of the justices of the peace for .said county of Lincoln, was examined according to law." It could not have been the design of the magistrate to certify, that the deponent was sworn according to law.

The result to which we come on the first question, is sufficient to sustain the exceptions ; but as the depositions may be retaken, or an amendment permitted in the certificate, by direction of Court and they become competent; and as other points are involved in the case, some of which it may be proper should be settled in reference to future proceedings of the parties, we proceed to consider them ; and with this view, it will be done in connection with the defendant's evidence, without regard to its admissibility.

After the trustee process was commenced upon an account in favor of Weeman against Reed, and the administratrix of the goods and estate of John Mathews, as trustee, the present defendant gave to Reed his negotiable promissory note, (which is the one sued in this action,) for the account, which was the alleged cause of action. The trustee suit resulted in a judgment against the principal, and against his goods, effects and credits in the hands and possession of Gilbert, who was at the time of the judgment the administrator *de bonis non*, of the estate of Matthews. Upon execution issued upon that judgment, and within thirty days after its recovery, the creditor therein demanded payment of the trustee, who thereupon informed him, that he need not place the execution in the hands of an officer, and acknowledged in writing on its back demand of payment. The note was negotiated after its dishonor to the plaintiff.

The counsel for the plaintiff contended, that the judgment, execution and demand by the creditor would not alone constitute a bar to the present suit, without proof of a demand made by an officer upon the trustee of the goods, effects and credits in his hands, or at least an acknowledgment, that such demand had been made, and it was contended that the trustee must be shown to have paid, delivered or accounted for, the goods, effects and credits in his hands, or some por-

tion of them, by force of such judgment. But the Judge instructed the jury, that the judgment was a bar to such demand of Reed, without proof of such disposition of such goods, effects and credits, and that a demand upon the trustee by the execution creditor was sufficient.

The statute, chap. 119, sections 74, 80 and 81, clearly indicate the intention of the Legislature, that a demand shall be made by an officer after judgment and before the attachment expires, by virtue of an execution in the usual form against the principal and his goods, effects and credits, in the hands of a trustee, upon the trustee for such goods, effects and credits. This is done, that the property, if a subject of sale, may be converted into money by the officer which may be applied towards satisfying the execution; or if not delivered, that the foundation for a writ of *scire facias* may be laid.

The goods, effects and credits for which a trustee is holden, if charged as trustee in the original suit, till after a demand in the legal mode, are the property of the principal; and it is not competent for the creditor to take them on the execution, as he can neither appropriate them directly in satisfaction of the execution, nor has he the power to dispose of them by sale. A demand therefore by the creditor can create no liability in the trustee.

By sections 83 and 84, of the same chapter, the judgment against the trustee, shall discharge him from all demands of the principal defendant, for all goods, effects and credits paid, delivered or accounted for, by the trustee by force of such judgment, and the same shall be a bar to an action, by the principal defendant against him. The trustee has not brought himself within these provisions. On the ground, therefore, that the defendant is entitled to the same defence, which would be open to the trustee, had Mathews given the note, while in life, and at the same time, and that the plaintiff in every respect stands in the place of Reed, of which we give no opinion, the defendant cannot object successfully to the plaintiff's right to maintain the action, upon the facts, which have been introduced in evidence. *Exceptions sustained and new trial granted.*